# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STACY SINGLETON, INDIVIDUALLY, | § | |
| AND AS THE PERSONAL | § | |
| REPRESENTATIVE OF | § | |
| THE ESTATE OF RICHARD AJENE | § | |
| HIPOLITO | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| VS. | § | C.A. No. 4:23-cv-03141 |
| | § | |
| HARRIS COUNTY, TEXAS, ET AL., | § | |
| | § | |
|    Defendants. | § | JURY DEMANDED |

## HIGHLANDS VOLUNTEER FIRE DEPARTMENT'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
## IMPROPER PROCESS, IMPROPER SERVICE OF PROCESS, AND
## FAILURE TO STATE A CLAIM

**VORYS, SATER, SEYMOUR AND PEASE LLP**

Phillip W. Bechter
TBN 00787053; Fed ID 17725
Attorney-in-Charge
pbechter@vorys.com
John S. Collins
TBN 24087327; Fed ID 3181578
jscollins@vorys.com
909 Fannin, Suite 2700
Houston, Texas 77010
(713) 588-7000 Telephone
(713) 588-7050 Facsimile

**ATTORNEYS FOR DEFENDANT
HIGHLANDS VOLUNTEER FIRE
DEPARTMENT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................... ii

TABLE OF AUTHORITIES ............................................................................... iii

Introduction ........................................................................................................ 1

Statement of Facts ............................................................................................. 1

A.    The Incident ............................................................................................ 1

B.    The Lawsuit ............................................................................................ 2

Statement of the Issues ...................................................................................... 3

Summary of the Argument ................................................................................. 4

Argument ............................................................................................................ 4

A.    The Court Should Dismiss Plaintiff's Complaint for Insufficient Service and
       Insufficient Service of Process ............................................................... 4

B.    The Court Should Dismiss Plaintiff's Complaint for Failure to State a Claim ........ 6

      1.    Plaintiff Cannot Establish an Underlying Constitutional Violation by
             Unnamed EMS Employees Acting in their Individual and Official
             Capacities ...................................................................................... 7

C.    Plaintiff Cannot State a *Monell* Claim against Highlands VFD ............................. 12

D.    Plaintiff Cannot State a Claim for Failure to Hire, Train, and Supervise .............. 15

E.    Plaintiff's Claims Are Barred by the Statute of Limitations .................................. 17

Conclusion ......................................................................................................... 18

CERTIFICATE OF CONFERENCE .............................................................. 19

CERTIFICATE OF SERVICE ......................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Armstrong v. Serpas*,
670 F. App'x 851, 852 (5th Cir. 2016) ................................................................. 17

*Ashcroft v. Iqbal*,
556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......................... 6, 7

*Axtell v. City of Lakewood*,
No. 21-cv-00291-RM-MEH, 2022 U.S. Dist. LEXIS 14267 (D. Colo. Jan. 26,
2022, *recommendation adopted by* 2023 U.S. Dist. LEXIS 45767, 2023 WL
2553160 (D. Colo., Mar. 17, 2023). .................................................................. 8, 13

*Backe v. City of Galveston*,
2 F. Supp. 3d 988, 1007 (S.D. Tex. 2014) ........................................................... 16

*Becerra v. Asher*,
105 F.3d 1042, 1048 (5th Cir. 1997) ............................................................. 13, 16

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............................. 7

*Bowman v. Sanofi-Aventis U.S.*,
No. A-09-CA-192-SS, 2009 U.S. Dist. LEXIS 122705, at *2
(W.D. Tex. Apr. 16, 2009) ...................................................................................... 5

*Buckley v. Hennepin Ctn'y*,
9 F.4th 757, 761-62 (8th Cir. 2021) ............................................................. passim

*Connick v. Thompson*,
131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) ................................................ 16

*Cty. of Sacramento v. Lewis*,
523 U.S. 833, 847 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) .................... 10

*Doe v. Taylor Indep. Sch. Dist.*,
15 F.3d 443, 450-51 (5th Cir. 1994) (en banc) .................................................... 10

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*,
406 F.3d 375, 381 (5th Cir. 2005) .................................................................. 15, 16

*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278, 284 (5th Cir. 1993) .......................................................... 7

*Flores v. City of Palacios*,
  381 F.3d 391, 396 (5th Cir. 2004) .......................................................... 8

*Fraire v. City of Arlington*,
  957 F.2d 1268, 1278 (5th Cir. 1992) ..................................................... 15

*Gartin v. Par Pharm. Cos.*,
  289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) ........................... 5

*Gartrell v. Gaylor,*
  981 F.2d 254, 257 (5th Cir. 1993) ......................................................... 17

*Gaynier v. Hudson*,
  No. 3:16-CV-2314-D-BK, 2017 U.S. Dist. LEXIS 212579, 2017 WL 6626347,
  at *3 (N.D. Tex. Nov. 16, 2017) ............................................................ 16

*Hearn v. McCraw*,
  856 F. App'x 493, 496 (5th Cir. 2021) .................................................... 17

*Hicks-Fields v. Harris Cnty., Tex.*,
  860 F.3d 803, 808 (5th Cir. 2017) ......................................................... 13

*Jones v. Alcoa, Inc.*,
  339 F.3d 359, 366 (5th Cir. 2003 .......................................................... 17

*Magnolia Island Plantation, LLC v. Whittington*,
  29 F.4th 246, 251 (5th Cir. 2022) .......................................................... 12

*Manuel v. City of Joliet*,
  137 S. Ct. 911, 920-21, 197 L. Ed. 2d 312 (2017) ................................... 17

*Mendoza v. Lynaugh*,
  *989* F.2d 191, 193 (5th Cir. 1993) ....................................................... 11

*Monnell v. Dept. of Social Services of New York City*,
  436 U.S. 658, 694, 98 S. Ct. 2018, *56 L. Ed. 2d 611 (1978)* .......... passim

*Peete v. Metro. Gov't of Nashville*,
486 F.3d 217, 222 (6th Cir. 2007) ........................................................... 8

*Peña v. City of Rio Grande City*,
879 F.3d 613, 621 (5th Cir. 2018) ....................................... 12, 13, 14, 15

*Pena v. Givens*,
637 *Fed.* App'x. 775 (5th Cir. 2015) ........................................... 8, 9, 10

*Petta v. Rivera*,
*143* F.3d 895, 902 (5th Cir. 1998) (per curiam) ..................................... 10

*Piotrowski v. City of Houston*,
237 F.3d 567, 578 (5th Cir. 2001) ............................................................ 12

*Price v. City of San Antonio*,
431 F.3d 890, 893-94 (5th Cir. 2005) ....................................................... 17

*Quinn v. Miller*,
470 F. App'x 321, 323 (5th Cir. 2012) ............................................... 5, 14

*Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) ....... 13, 14, 15

*Stewart v. Murphy*,
174 F.3d 530, 534 (5th Cir. 1999) ........................................................... 11

*Terry v. Ohio*,
392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) ................................ 8

*Thompson v. Cope*,
900 F.3d 414, 423-24 (7th Cir. 2018) .......................................... 8, 10, 11

*Thrasher v. City of Amarillo*,
709 F.3d 509, 511 (5th Cir. 2013) .............................................................. 6

*Vela v. City of Austin Texas*,
No. 1-15-CV-1015 RP, 2016 U.S. Dist. LEXIS 52018, at *5-12
(W.D. Tex. Apr. 19, 2016) ..................................................................... 17

*Walker v. Upshaw*,
  515 Fed. App'x 334, 341 (5th Cir. 2013) ............................................................. 16

*Watts v. Graves*,
  720 F.2d 1416, 1422-23 (*5th* Cir. 1983) (per curiam) ........................................... 17

*Whitley v. Hanna*,
  726 F.3d 631, 648 (5th *Cir.* 2013) ......................................................................... 16

*Williams v. Treen*,
  671 F.2d 892, 901 (5th *Cir.* 1982) ......................................................................... 11

## Statutes

FED. R. CIV. P. 12(b)(4) ............................................................................................... 5

FED. R. CIV. P. 12(b)(6) ............................................................................................... 6

FED. R. CIV. P. 4(a)(1)(A)-(B) ..................................................................................... 5

FED. R. CIV. P. 4(m) ..................................................................................................... 5

<u>**HIGHLANDS VOLUNTEER FIRE DEPARTMENT'S**</u>
<u>**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR**</u>
<u>**IMPROPER PROCESS, IMPROPER SERVICE OF PROCESS, AND**</u>
<u>**FAILURE TO STATE A CLAIM**</u>

Defendant Highlands Volunteer Fire Department ("Highlands VFD"), incorrectly identified in the Complaint and Summons as the City of Highlands Fire Department, files its Motion to Dismiss all claims as to Highlands VFD in the First Amended Complaint filed by Plaintiff Stacy Singleton, individually and as the personal representative of the Estate of Richard Ajene Hipolito ("Plaintiff"), and would show the Court as follows:

<u>**Introduction**</u>

1.      This is a federal civil rights lawsuit.   In her First Amended Complaint (the "Complaint"), Plaintiff alleges that the Harris County Sheriff's Office and the City of Highlands Fire Department responded to a 911 call, and they administered ketamine to Richard Ajene Hipolito ("Hipolito") in response to reports that he forced his way into an apartment and was acting in a manner consistent with drug use.  Hipolito ultimately passed away 4 days after transport to the hospital.  Plaintiff attempts to assert a claim against "the City of Highlands Fire Department"  under 42 U.S.C. § 1983 for maintaining a policy or practice of injecting ketamine to detainees, as well as a claim for failing to hire, train, and supervise its employees.

<u>**Statement of Facts**</u>

A.      <u>**The Incident**</u>

2.      This lawsuit stems from an incident that occurred on August 20, 2021.  Pl.'s First Am. Comp. at ¶ 13 (Doc. ID #6).  The Complaint alleges that, at approximately 10:30

a.m., Harris County Sheriff's Office ("HCSO") received a 911 call reporting a "suspicious male running toward cars and running into the street in the area of East Wallisville Rd. and North Main Street in Harris County, Texas." *Id.* The Complaint further states, when HCSO deputies responded to the scene, a resident of a nearby apartment reported Hipolito "forced his way into her apartment and then fled the scene," and advised the deputies that she believed Hipolito was under the influence of drugs. *Id.*

3.     The Complaint further states "the City of Highlands Fire Department and, specifically, the Highlands Fire Department EMS were also dispatched to the scene." *Id.* at ¶ 14.  As Hipolito was taken into custody, Plaintiff alleges "HCSO officers or City of Highlands Fire Department EMS personnel gave the order and injected the drug ketamine into Hipolito and he went into medical distress." *Id*.  Hipolito was transported by ambulance to emergency room and ultimately passed away on August 24, 2021.  *Id.* at ¶ 15.   Plaintiff alleges an autopsy conducted on Hipolito determined that he had methamphetamines and ketamine in his system. *Id.* at ¶ 16.  Plaintiff contends ketamine was injected into Hipolito "against his will by Deputy Villarreal, Deputy Russell, another unknown employee of Harris County, or an individual employed with the Highlands Fire Department EMS." *Id.*

### B.     The Lawsuit

4.     On August 24, 2023, Plaintiff filed suit against Harris County, Sheriff Ed Gonzalez, Deputy J. Villarreal, Deputy C. Russell, Unknown Employees of Harris County, the City of Highland, Texas, the City of Highlands Fire Department, and Unknown Highlands Fire Department EMS Personnel.  Pl.'s Orig. Comp. at ¶¶ 4-12.

5.      In her Complaint, Plaintiff alleges that Unknown Highlands Fire Department EMS Personnel violated Hipolito's "Fourth and Fourteenth Amendment rights against the use of excessive force and the deprivation of life, liberty, and property without due process of law" by "injecting ketamine to Hipolito or ordering others to inject ketamine to Hipolito." Pl.'s First Am. Comp. at ¶ 38. Plaintiff asserts claims against the City of Highlands Fire Department under 42 U.S.C. § 1983 for maintaining a policy or practice of injecting ketamine to detainees, as well as a claim for failing to hire, train, and supervise its employees. *Id.* at ¶¶ 40-46.

6.      Plaintiff requested summons on the named defendants on December 6, 2023. (Doc. ID #8). Plaintiff's complaint and summons sues "City of Highlands Fire Department," even though that is not a known entity — Highlands Volunteer Fire Department (the moving entity here) is a 501(c) non-profit corporation, which is not a part of, or affiliated in any way with, any municipality or county.

## Statement of the Issues

7.      Whether the summons issued is sufficient as to Highlands VFD when both the Complaint and summons are issued to "City of Highlands Fire Department."

8.      Whether Plaintiff properly served Highlands VFD in the above manner when she did not effect or even request service until more than ninety days after she filed her complaint.

9.      Whether Plaintiff stated a claim as to Highlands VFD upon which relief may be granted under *Monell* when there is no underlying constitutional violation, and Plaintiff's allegations regarding the alleged policy and practice are conclusory.

10.     Whether Plaintiff stated a claim for failure to hire, train, and supervise as to Highlands VFD when there is no underlying constitutional violation, and Plaintiff's allegations are conclusory and based on a single isolated incident.

11.     Whether Plaintiff's claims under 42 U.S.C. § 1983 are barred by the two-year statute of limitations when they accrued on August 20, 2021, and Plaintiff did not file suit until August 24, 2023.

## Summary of the Argument

12.     To the extent Plaintiff has asserted any claims against Highlands VFD in the Complaint, such claims should be dismissed under Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff sued the "City of Highlands Fire Department," rather than Highlands VFD, and Plaintiff first effected defective service more than ninety days after filing her Original Complaint.  In addition to the service defects, Plaintiff cannot state a claim for constitutional violations against Highlands VFD because there was no underlying constitutional violation, and she cannot satisfy the elements of a *Monell* claim or a claim for failure to hire, train, and supervise.  Finally, Plaintiff's claims are barred by the two-year statute of limitations.

## Argument

**A.     The Court Should Dismiss Plaintiff's Complaint for Insufficient Service and Insufficient Service of Process**

13.     The Court should dismiss Plaintiff's claims as to Highlands VFD pursuant to Rule 12(b)(4) for insufficient process and Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.

14.     Rule 12(b)(4) allows a defendant to attack the form of the process, rather than the manner or method by which it is served. FED. R. CIV. P. 12(b)(4).  Under Rule 4 of the Federal Rules, a summons must "name the court and the parties" and "be directed to the defendant." FED. R. CIV. P. 4(a)(1)(A)-(B).  "Process may be insufficient if the summons and complaint refer to a party in the wrong name." *Bowman v. Sandofi-Aventis U.S.*, No. A-09-CA-192-SS, 2009 U.S. Dist. LEXIS 122705, at *2 (W.D. Tex. Apr. 16, 2009).  "The party making service has the burden of demonstrating its validity when an objection to service is made." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).  In this case, Plaintiff's summons does not name a proper party.  (Doc. ID # 8).  Plaintiff sued the "City of Highlands Fire Department."  *Id.*  Highlands Volunteer Fire Department, the moving entity's legal name, is a non-profit 501(c) corporation unassociated with "the City of Highlands".  Given that Plaintiff's complaint and summons sue the wrong party, the Court should dismiss Plaintiff's complaint for insufficient process.

15.     In addition to suing the wrong party, Plaintiff's summons is insufficient because service was not timely.  Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a party to move to dismiss an action for improper service of process where the movant challenges the "mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos*., 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam).  Under Rule 4(m) of the Federal Rules, if a plaintiff fails to serve a defendant within 90 days of the filing of the complaint, the case must be dismissed without prejudice unless the plaintiff shows good cause for the failure, upon which showing the court must extend the time for service for an appropriate period. FED. R. CIV. P. 4(m).  However, proof

of good cause "requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

16.     Here, Plaintiff filed her Original Complaint against "City of Highlands Fire Department" on **August 24, 2023**. (Doc. ID #1). However, Plaintiff did not even request summons to be issued to any of the named defendants until **December 6, 2023** — more than ninety days after the Original Complaint was filed. (Doc. ID # 8).  Since Plaintiff did not even attempt to serve the "City of Highlands Fire Department" — the wrong party entirely —  within ninety days as required by Rule 4 of the Federal Rules, the Court should dismiss Plaintiff's Complaint for insufficient service of process.  Additionally, the Court should decline to extend the deadline for Plaintiff to effect service given that she has not (and cannot) assert a claim against Highlands VFD upon which relief may be granted.

**B.     The Court Should Dismiss Plaintiff's Complaint for Failure to State a Claim**

17.     The Court should also dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules because she cannot state a claim against Highlands VFD upon which relief may be granted.

18.     Under Rule 12(b)(6), a district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In evaluating a complaint under Rule 12(b)(6), a court examines whether the pleading states a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A plausible claim arises when the complaint pleads sufficient facts to allow a court to draw a "reasonable inference" of the opposing party's liability for the misconduct alleged. *Iqbal*, 556 U.S. at 678. A plaintiff is required to provide "more than labels and conclusions," and a "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555. In other words, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

19.     In this case, Plaintiff has attempted to assert claims against the "City of Highlands Fire Department" under 42 U.S.C. § 1983 based upon: (1) alleged excessive force and due process violations by certain unnamed City of Highlands EMS employees in their individual and official capacities (2) unlawful policies and practices under *Monell*; and (3) alleged failure to hire, train, and supervise certain unnamed EMS employees. The Court should dismiss each of Plaintiff's claims.

### 1.     *Plaintiff Cannot Establish an Underlying Constitutional Violation by Unnamed EMS Employees Acting in their Individual and Official Capacities*

20.     In her Complaint, Plaintiff alleges that unnamed City of Highlands Fire Department employees violated Hipolito's Fourth and Fourteenth Amendment rights against the use of excessive force and the deprivation of life, liberty, and property without due process of law" by injecting him with ketamine. *Id.* at ¶ 38. The Court should dismiss any claims as to Highlands VFD because she cannot establish an underlying violation of Hipolito's constitutional rights.

7

21.    ***Fourth Amendment Claim:*** To establish a Fourth Amendment excessive-force claim, a plaintiff must show that he was seized, and that he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). A government official seizes a person when the official, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Federal courts have refused to apply the Fourth Amendment to medical professionals based upon the administration of medication to a patient, as there is no "seizure." *See Pena v. Givens*, 637 Fed. App'x. 775 (5th Cir. 2015); *Peete v. Metro. Gov't of Nashville*, 486 F.3d 217, 222 (6th Cir. 2007); *Thompson v. Cope*, 900 F.3d 414, 423-24 (7th Cir. 2018); *Buckley v. Hennepin Ctn'y*, 9 F.4th 757, 761-62 (8th Cir. 2021); *see also Axtell v. City of Lakewood*, No. 21-cv-00291-RM-MEH, 2022 U.S. Dist. LEXIS 14267 (D. Colo. Jan. 26, 2022, *recommendation adopted by* 2023 U.S. Dist. LEXIS 45767, 2023 WL 2553160 (D. Colo., Mar. 17, 2023).

22.    For example, in *Pena v. Givens*, 637 Fed. App'x. 775 (5th Cir. 2015), the police apprehended the patient and brought him to a state-run psychiatric emergency room. 637 Fed. App'x. at 777. Although the patient had a heart condition and exhibited abnormal vital signs, the hospital staff provided no cardiac treatment. *Id.* Instead, employees forcibly restrained the patient to prevent him from leaving the emergency room, injected him with a mixture of antipsychotic and sedative medications, and confined him to a seclusion room. *Id.* at 777-78. The patient subsequently died from undetermined causes.

*Id.* Following the patient's death, the representative of his estate filed suit against the state-run emergency room and various medical professionals for violating the patient's Fourth Amendment rights. *Id.* The defendants moved for summary judgment on qualified immunity, which the district court denied. *Id.* at 778. On appeal, the Fifth Circuit reversed. *Id.* The Fifth Circuit found that there was "no controlling authority . . . suggesting that medical personnel 'seize' patients when restraining them in the course of providing treatment." *Id.* at 781-782.

23.     The Eighth Circuit Court of Appeals reached the same result in the context of a paramedic's administration of ketamine to a patient. In *Buckley v. Hennepin Ctn'y*, 9 F.4th 757, 761-62 (8th Cir. 2021), police officers and paramedics responded to a 911 call to perform a welfare check on a woman who threatened self-harm. When they arrived, the woman was uncooperative, so the police officers and paramedics handcuffed her and carried her to the ambulance. *Id.* at 759. Once inside the ambulance, the paramedics injected her with ketamine, and she suffered acute hypoxia respiratory failure and required intubation. *Id.* at 759-60. The woman filed suit against the police officers and the paramedics for violating her constitutional rights under the Fourth Amendment, and the district court dismissed her claims. *Id.* at 760. The Eighth Circuit affirmed on appeal, holding that the paramedics could not be held liable under the Fourth Amendment:

> Fourth Amendment restrictions are almost wholly alien to [a] situation, where paramedics are subject to a distinct set of professional standards and goals aimed at responding to medical emergencies. "[S]edating the arrestee — who appear[ed] to the paramedic to be suffering from a medical emergency — before taking the arrestee by ambulance to the hospital" did not violate the arrestee's clearly established Fourth Amendment rights.

Otherwise, paramedics would face a "kind of Catch-22 . . . treat the arrestee or don't treat him, but face a lawsuit either way."

*Id.* at 761-62 (quoting *Thompson v. Cope*, 900 F.3d 414 (7th Cir. 2018)).

24.     Similar to the paramedics in *Pena* and *Buckley*, the administration of ketamine by the unnamed EMS employees did not constitute a "seizure" under the Fourth Amendment.  Without a seizure, Plaintiff cannot establish an excessive-force claim under the Fourth Amendment.

25.     ***Fourteenth Amendment Claim***: "The right to be free of state-occasioned damage to a person's bodily integrity is protected by the Fourteenth Amendment guarantee of due process.'" *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450-51 (5th Cir. 1994) (en banc).  In a § 1983 substantive due process lawsuit, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998).  "[T]he constitutional concept of conscience shocking duplicates no traditional category of common-law fault, but rather points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability." *Id.* at 848.  The official's actions must be "grossly disproportionate to the need for action under the circumstances and . . . inspired by malice rather than merely careless or unwise excess of zeal." *Petta v. Rivera*, 143 F.3d 895, 902 (5th Cir. 1998) (per curiam).

26.     In this case, Plaintiff alleges the action of "Highlands Fire Department EMS personnel" in injecting ketamine to Hipolito or ordering others to inject ketamine to

Hipolito violated his Fourth and Fourteenth Amendment rights against the use of excessive force and the deprivation of life, liberty, and property without due process of law." Pl.'s First Am. Comp. at ¶ 38. However, Plaintiff acknowledges that the events of August 20, 2021 resulted from a 911 call of "a suspicious male running toward cars and running into the street," and that an apartment resident reported that Hipolito "forced his way into her apartment and then fled the scene." *Id.* at ¶ 13. Plaintiff further acknowledges "there had been reports that Hipolito was acting in a manner consistent with drug use," and that methamphetamines were found in Hipolito's system during his autopsy. *Id.* at ¶¶ 16-17. Plaintiff claims "Defendants did not know what drug or drugs, how much, or when Hipolito had taken any drug prior to their encounter." *Id.* at ¶ 17. She also claims "Defendants did not know Hipolito's medical history, whether he was on prescription medications, or whether he would have an adverse reaction to the drug ketamine." *Id.* As to Highlands VFD or any unnamed EMS personnel, these allegations are complaints about medical decision making and improper care, and do not amount to a violation of the Fourteenth Amendment.

27. The Fifth Circuit has consistently held that allegations of medical malpractice and negligent care do not rise to the level of a constitutional violation. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (stating that "malpractice or negligent care does not" amount to a constitutional violation); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982); *accord Thompson v. Cope*, 900 F.3d 414, 423-24 (7th Cir. 2018) (explaining that paramedic's alleged unconstitutional injection of sedative were an exercise of "medical judgment" and

subject to Indiana's medical malpractice statute); *Buckley v. Hennepin Ctn'y*, 9 F.4th 757, 761-62 (8th Cir. 2021)("Whether Buckley needed to be sedated, and if so with what sedative, are questions of appropriate medical care that must be resolved in a medical malpractice action under state law.").

28.     Since Plaintiff's claims focus on the propriety of the medical decision to inject Hipolito with ketamine, they do not support a claim for constitutional violations under the Fourteenth Amendment as to Highlands VFD.

### C.     Plaintiff Cannot State a *Monell* Claim against Highlands VFD

29.     The Court should also dismiss Plaintiff's claim as to Highlands VFD because she cannot establish the essential elements under *Monell*.

30.     Under 42 U.S.C. § 1983, the liability of a municipality or a local government entity may not be predicated under *respondeat superior*. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *Magnolia Island Plantation, LLC v. Whittington*, 29 F.4th 246, 251 (5th Cir. 2022) ("Section 1983 does not impose vicarious or *respondeat-superior* liability").  Instead, governmental entities can be found liable under 42 U.S.C. § 1983 only where the governmental entity causes the constitutional violation at issue. *See Monell v. Dept. of Social Services of New York City*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

31.     To state a claim against a local governmental entity, a plaintiff must establish: "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018).  Importantly, "every *Monell* claim requires an

underlying constitutional violation." *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017). "Without an underlying constitutional violation, an essential element of municipal liability is missing." *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997); see also *Buckley v. Hennepin Ctn'y*, 9 F.4th 757, 765 (8th Cir. 2021) (holding that the plaintiff could not establish a *Monell* claim based upon allegations that her constitutional rights were violated when she was sedated with ketamine pursuant to "Hennepin County's ketamine policy"). As stated previously, Plaintiff cannot establish a violation of Hipolito's constitutional rights under the Fourth or Fourteenth Amendments, and therefore cannot pursue a claim for municipal or local governmental liability against Highlands VFD.

32.     However, even if Plaintiff *could* establish an underlying violation of Hipolito's constitutional rights, her pleadings would not satisfy the elements of a *Monell* claim. In her complaint, Plaintiff generally alleges that the "official policy or practice that was the moving force behind the Highlands Fire Department EMS personnel's violation of Hipolito's constitutional rights was the policy or practice of injecting ketamine to detainees or ordering the injection of ketamine." Pl.'s First Am. Comp. at ¶ 43. The Fifth Circuit has rejected *Monell* claims premised on similarly vague allegations. *See, e.g., Peña v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018); *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997); *accord Axtell v. City of Lakewood*, No. 21-cv-00291-RM-MEH, 2022 U.S. Dist. LEXIS 14267 (D. Colo. Jan. 26, 2022, *recommendation adopted by* 2023 U.S. Dist. LEXIS 45767, 2023 WL 2553160 (D. Colo. Mar. 17, 2023) (holding that the plaintiff failed "to plausibly allege an informal custom or policy through the use of multiple instances of ketamine injection").

33.     For example, in *Peña v. City of Rio Grande City*, the plaintiff was tasered by a police officer following an altercation with a family member. After the incident, the plaintiff filed suit against the police department for maintaining a "written taser policy that allows for the tasing of moving targets." 879 F.3d at 616, 622. The Fifth Circuit held that the plaintiff's pleadings did not support a *Monell* claim. *Id.* at 621-23. In its opinion, the Court noted that "the only 'specific fact' in the complaint is the single incident in which [the plaintiff] was involved," and "a plaintiff must do more than describe the incident that gave rise to his injury." *Id.* at 622. The Court found that the plaintiff's allegations were "conclusional and utterly devoid of 'factual enhancements.'" *Id.*

34.     The Fifth Circuit reached the same conclusion in *Spiller v. City of Tex. City, Police Dep't*. In that case, an African American motorist claimed that he was arrested without probable cause, and that his arrest resulted from the police department's general policy of "disregard[ing] . . . the rights of African American citizens" and of "engag[ing] [African Americans] without regard to probable cause to arrest." 130 F.3d at 167. The Fifth Circuit explained that a plaintiff's "description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Id.* The Court went on to explain that the plaintiff's allegations failed to satisfy this standard, as they were both vague and conclusory:

> The allegations of municipal liability contained in Spiller's complaint do not meet these requirements. Her assertion that Texas City is liable because "Spurgeon was acting in compliance with the municipality's customs, practices or procedures" is insufficient because it is conclusory. Equally deficient are her allegations regarding the liability of the Texas City Police Department . . . . Her allegation that the department also "operates in a manner of total disregard for the rights of African American citizens" is

insufficient because it is conclusory. Finally, her contention that the department has a third policy of "engaging in conduct toward African American citizens without regard to probable cause to arrest" is both vague and conclusory.

*Id.*

35.     Similar to *Peña* and *Spiller*, Plaintiff's allegations regarding the City of Highland Fire Department's policy and practice of ketamine injections are "vague and conclusory," and the only "specific facts" identified in the complaint concern the single incident involving Hipolito. Pl.'s First Am. Comp. at ¶¶ 40-46. "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Accordingly, given that Plaintiff cannot establish an underlying constitutional violation or the essential elements under Monell, the Court should dismiss her claims as to Highlands VFD.

**D.     Plaintiff Cannot State a Claim for Failure to Hire, Train, and Supervise**

36.     Finally, the Court should dismiss Plaintiff's claim for failure to hire, train, and supervise under 42 U.S.C. § 1983.

37.     To state a claim for failure to train or supervise, the plaintiff must allege: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

38.     Like Plaintiff's *Monell* claim, her claim for failure to hire, train, and supervise must be dismissed because she cannot establish an underlying constitutional

violation. *See Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997) ("[W]ithout an underlying constitutional violation, there can be no § 1983 liability imposed on the [defendant].")); *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) ("All of [appellant's] inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation.").

39.     Additionally, Plaintiff's allegations relating to the "City of Highlands Fire Department" hiring, training, and supervision are conclusory. *See Backe v. City of Galveston*, 2 F. Supp. 3d 988, 1007 (S.D. Tex. 2014) ("Vague assertions regarding the need for 'better or more training' [are] insufficient for a constitutional failure to train claim."); *Gaynier v. Hudson*, No. 3:16-CV-2314-D-BK, 2017 U.S. Dist. LEXIS 212579, 2017 WL 6626347, at *3 (N.D. Tex. Nov. 16, 2017).

40.     Finally, Plaintiff's claim for failure to hire, train, and supervise is based on a single isolated incident involving Hipolito, which does not show deliberate indifference. Pl.'s First Am. Comp. at ¶ 44. "[C]ulpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011).  Deliberate indifferences requires that the plaintiff "show that the failure to train reflects a deliberate or conscious choice to endanger constitutional rights.'" *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).  A "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Walker v. Upshaw*, 515 Fed. App'x 334, 341 (5th Cir. 2013).  Since Plaintiff has not

pled a pattern of similar constitutional violations, the Court should dismiss her claim for failure to hire, train, and supervise.

### E. Plaintiff's Claims Are Barred by the Statute of Limitations

41.     Lastly, the Court should dismiss Plaintiff's claims as to Highlands VFD because they are barred by the two-year statute of limitations.

42.     "The statute of limitations may serve as a proper ground for dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Watts v. Graves*, 720 F.2d 1416, 1422-23 (5th Cir. 1983) (per curiam); *Jones v. Alcoa, Inc*., 339 F.3d 359, 366 (5th Cir. 2003); *Vela v. City of Austin Texas*, No. 1-15-CV-1015 RP, 2016 U.S. Dist. LEXIS 52018, at *5-12 (W.D. Tex. Apr. 19, 2016) (granting defendant's motion to dismiss under Rule 12(b)(6) and dismissing plaintiff's claims as barred by the applicable statute of limitations).

43.     Claims for civil rights violations under 42 U.S.C. § 1983 are subject to a two-year statute of limitations. *See Hearn v. McCraw*, 856 F. App'x 493, 496 (5th Cir. 2021) (finding due process violations brought under § 1983 were time-barred under the two-year statute of limitations for personal-injury torts).  Federal law determines when a section 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *see also Manuel v. City of Joliet*, 137 S. Ct. 911, 920-21, 197 L. Ed. 2d 312 (2017).  "An excessive force claim generally accrues on the date when the force is inflicted." *See Price v. City of San Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016) ("[Plaintiff's] claims accrued [on] the date he alleges he was subjected to excessive force.").

44.     In this case, Plaintiff alleges that Hipolito was subject to excessive force on August 20, 2021 when unknown EMS employees or HCSO officers injected him with ketamine.  Pl.'s First Am. Comp. at ¶ 9, ¶¶ 12-14 (Doc. ID # 6).  Plaintiff's claims therefore accrued on August 20, 2021, and the two-year statute of limitations expired on August 20, 2023.  However, Plaintiff did not file suit until August 24, 2023.  Pl.'s Orig. Comp. (Doc. ID #1).  The Court should therefore dismiss Plaintiff's claims as barred by the statute of limitations.

### Conclusion

45.     Plaintiff's claims as to Highlands VFD fail for multiple independent reasons. The Court should dismiss Plaintiff's claims with prejudice and grant Highlands VFD such other relief to which it is justly entitled.

Respectfully submitted,

**VORYS, SATER, SEYMOUR AND PEASE LLP**


  */s/ Phillip W. Bechter*
Phillip W. Bechter
TBN 00787053; Fed ID 17725
Attorney-in-Charge
pbechter@vorys.com
John S. Collins
TBN 24087327; Fed ID 3181578
jscollins@vorys.com
909 Fannin, Suite 2700
Houston, Texas 77010
(713) 588-7000 Telephone
(713) 588-7050 Facsimile

**ATTORNEYS FOR DEFENDANT**
**HIGHLANDS VOLUNTEER FIRE**
**DEPARTMENT**

Word Count: 4931

## **CERTIFICATE OF CONFERENCE**

Pursuant to the Court's rules, I hereby certify that I contacted Plaintiff's counsel regarding the relief sought in this Motion under Rule 12(b)(6) and Plaintiff's counsel stated he is opposed to the Motion.

*/s/ John S. Collins*
John S. Collins

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2023, I electronically filed *Highlands Volunteer Fire Department's Motion to Dismiss Plaintiff's First Amended Complaint for Improper Process, Improper Service of Process, and Failure to State A Claim* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Troy J. Pradia
The Cox Law Firm
1415 North Loop West, Suite 305
Houston, Texas 77008
tjp@coxpradialaw.com
*Attorneys for Plaintiff*

*/s/ Phillip W. Bechter*
Phillip W. Bechter