# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **STACY SINGLETON** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| *Defendants.* | § | Civil Action 4:23-CV-03141 |
| | § | |
| | § | |

## <u>DEFENDANT HARRIS COUNTY AND SHERIFF GONZALEZ'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

# TABLE OF CONTENTS

Table of Authorities ................................................................................................... iii

I. Statement of the Nature and Stage of Proceedings ...................................................... 2

II. Statement of the Issues, Summary of the Argument & Standard of Review ............................ 4

III. Argument & Authorities ............................................................................................ 6

   A. Plaintiff's claims are time barred .......................................................................... 6

   B. The court lacks subject matter jurisdiction over certain claims ................................. 8

      1. Wrongful death claims ..................................................................................... 8

      2. Survival claims ............................................................................................... 10

   C. Plaintiff fails to state a claim upon which relief can be granted against Harris County. ....... 11

   D. Plaintiff has failed to state a claim against Sheriff Gonzalez in his official capacity or individual capacity ...................................................................................................... 19

   E. Conclusion ........................................................................................................ 23

# TABLE OF AUTHORITIES

Page(s)

Cases

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*,
   300 F.3d 620 (5th Cir. 2001) ................................................................... 6

*Armstrong v. Serpas*,
   670 Fed. App'x 851 (5th Cir. 2016) ......................................................... 8

*Arnold v. Williams*,
   979 F.3d 262 (5th Cir. 2020) ................................................................... 20

*Ashcroft v. al-Ki*dd,
   563 U.S. 731 (2011) ................................................................................ 22

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................... 5, 6, 20, 22

*Backe v. LeBlanc*,
   691 F.3d 645 (5th Cir. 2012) ................................................................... 20

*Baker v. Putnal*,
   75 F.3d 190 (5th Cir. 1996) ................................................................. 8, 21

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,
   520 U.S. 397 (1997) ........................................................................... 12, 16

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................... 5, 6

*Bennett v. City of Slidell*,
   728 F.2d 762 (5th Cir.) ........................................................................... 12

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) ..................................................................... 6

*Brousseau v. Hauge*n,
   543 U.S. 194 (2004) ................................................................................ 22

*Brown v. Coulston*,
   463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) ........................................ 20

*Brown v. Edwards Transfer Co., Inc.*,
   764 S.W.2d 220 (Tex. 1988) .................................................................... 9

*Cameron Cnty. Housing Auth. v. City of Port Isabel*,
   997 F.3d 619 (5th Cir. 2021) ................................................................... 8

*Carpenter v. United States*,
 138 S. Ct. 2206 (2018) ............................................................................... 17

*Carswell v. Camp*,
 37 F.4th 1062 (5th Cir. 2022) ..................................................................... 23

*Casanova v. City of Brookshire*,
 119 F.Supp.2d 639 (S.D. Tex. Sept 7, 2000) .............................................. 21

*Cass v. City of Abilene*,
 No. 1:13-cv-177-C, 2014 WL 12642539 (N.D. Tex. Feb 25, 2014) ............. 8

*City of Newport v. Fact Concerts, Inc.*,
 453 U.S. 247 (1981) ..................................................................................... 22

*Connick v. Thompson*,
 560 U.S. 51 (2011) ................................................................................. 11, 12

*Cuadra v. Houston Indep. Sch. Dist.*,
 626 F.3d 808 .................................................................................................. 7

*Culbertson v. Lykos*,
 790 F.3d 608 (5th Cir. 2015) ....................................................................... 12

*Davidson v. City of Stafford,*
 848 F.3d 384 (5th Cir. 2017) ....................................................................... 12

*Diaz ex rel. Diaz v. Mayor of Corpus Christi*,
 121 Fed. App'x. 36 (5th Cir. 2005) ............................................................... 8

*Edmonds v. Oktibbeha Cnty.*,
 675 F.3d 911 (5th Cir. 2012) ......................................................................... 7

*Fernandez-Montes v. Allied Pilots Ass'n.*,
 987 F.2d 278 (5th Cir. 1993) ......................................................................... 6

*Ford Motor Co. v. Cammack*,
 999 S.W.2d 1 (Tex. App.-Houston [14th Distr.] 1988, pet. denied) ........... 10

*Fraire v. City of Arlington*,
 957 F.2d 1268 (5th Cir. 1992) ................................................................ 12, 15

*Frazier v. Wynn*,
 472 S.W.2d 750 (Tex. 1971) ....................................................................... 10

*Gonzalez v. Ysleta Indep. School Dist.*,
 996 F.2d 745 (5th Cir. 1993) ................................................................. 16, 17

*Goodman v. Harris Cnty.*,
    571 F.3d 388 (5th Cir. 2009) ........................................ 16, 19

*Gordon v. City of Dallas*,
    826 F.3d 280 (5th Cir. 2016) ........................................ 14

*Griffin v. New Orleans City*,
    628 Fed. App'x 300 (5th Cir. 2016) ................................ 7

*Gutierrez v. City of San Antonio*,
    139 F.3d 441 (5th Cir. 1998) ........................................ 18

*Hafer v. Melo*,
    502 U.S. 21 (1991) .................................................. 16, 19

*Hale v. King*,
    642 F.3d 492 (5th Cir. 2011) ........................................ 6, 17

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982) .................................................. 22

*Hope v. Pelzer*,
    536 U.S. 730 (2002) .................................................. 22

*Humphreys v. City of Ganado*,
    467 Fed .App'x. 252 (5th Cir. 2012) ................................ 7

*In re McCoy*,
    373 F. Supp. 870 (W.D. Tex. 1974) ................................ 8

*Jackson v. City of Hearne, Tex.*,
    959 F.3d 194 (5th Cir. 2020) ........................................ 20

*Jackson v. Procunier*,
    789 F.2d 307 (5th Cir. 1986) ........................................ 5

*James v. Harris Cnty.*,
    577 F.3d 612 (5th Cir. 2009) ........................................ 12

*Johnson v. Holly Farms, Inc.*,
    731 S.W.2d 641 (Tex.App.—Amarillo 1987, no writ) ................ 10

*Jones v. Bock*,
    549 U.S. 199 (2007) .................................................. 6

*Kitty Hawk Aircargo, Inc. v. Chao*,
    418 F.3d 453 (5th Cir. 2005) ........................................ 9

*Leal v. McHugh*,
 731 F.3d 405 (5th Cir. 2013) ............................................................. 5

*Lujan v. Defs. of Wildlife*,
 504 U.S. 555 (1992) ........................................................................... 8

*Martinez v. Foster*,
 No. 4:13-cv-59, 2017 WL 9286990 (E.D. Tex. Mar. 13, 2017) ............... 9

*McConney v. City of Houston*,
 863 F.2d 1180 (5th Cir. 1989) .......................................................... 14

*McPeak-Torres v. Brazoria Cnty., Tex.*,
 No. G-12-075, 2014 WL 12591850 (S.D. Tex. Nov. 5, 2014) ................. 8

*Monell v. New York City Dept. of Social Services*,
 436 U.S. 658 (1978) .................................................................. passim

*Montoya v. FedEx Ground Package Sys., Inc.*,
 614 F.3d 145 (5th Cir. 2010) ............................................................. 5

*Morin v. Caire*,
 77 F.3d 116 (5th Cir. 1996) ............................................................... 5

*Mullenix v. Luna*,
 577 U.S. 7 (2015) ............................................................................ 22

*Okon v. Harris Cnty. Hosp. Dist.*,
 426 F. App'x 312 (5th Cir. 2011) ...................................................... 13

*Owens v. Okure*,
 488 U.S. 235 (1989) .......................................................................... 7

*Pena v. City of Rio Grande City*,
 879 F.3d 613 (5th Cir. 2018) ...................................................... 12, 21

*Peterson v. City of Fort Worth*,
 588 F.3d 838 (5th Cir. 2009) ........................................................... 11

*Piotrowski v. City of Houston*,
 237 F.3d 567 (5th Cir. 2001) ................................................. 7, 11, 12

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*,
 506 U.S. 139 (1993) ........................................................................ 23

*Ramming v. United States*,
 281 F.3d 158 (5th Cir. 2001) ............................................................. 4

*Ratliff v. Aransas Cnty., Texas,*
    948 F.3d 281 (5th Cir. 2020) ................................................ 12

*Reichle v. Howards,*
    566 U.S. 658 (2012) ................................................................ 20

*Rhyne v. Henderson Co.,*
    973 F.2d 386 (5th Cir. 1992) .................................................. 8

*Roberts v. City of Shreveport,*
    397 F.3d 287 (5th Cir. 2005) ................................... 16, 17, 20

*Rodgers v Lancaster Police & Fire Dept.,*
    819 F.3d 205 (5th Cir. 2016) ................................................ 11

*Rojero v. El Paso County,*
    226 F.Supp.3d 768 (W.D. Tex. Apr 28, 2016) ...................... 20

*Shaw v. Villanueva,*
    918 F.3d 414 (5th Cir. 2019) .................................................. 6

*Shepherd v. Ledford,*
    962 S.W.2d 28 (Tex. 1998) .............................................. 10, 11

*Smith v. Reg'l Transit Auth.,*
    827 F.3d 412 (5th Cir. 2016) .................................................. 7

*Spiller v. City of Texas City, Police Dept.,*
    130 F.3d 162 (5th Cir. 1997) ................................................ 13

*Stanley v. Foster,*
    464 F.3d 565 (5th Cir. 2006) .................................................. 7

*Stockman v. Federal Election Comm'n,*
    138 F.3d 144 (5th Cir. 1998) .................................................. 8

*Taylor v. Books A Million, Inc.,*
    296 F.3d 376 (5th Cir. 2002) ........................................ passim

*Thomas v. City of New Orleans,*
    687 F.2d 80 (1982) ................................................................ 22

*Thompson v. City of Starkville,*
    901 F.2d 456 (5th Cir. 1990) ................................................ 21

*Thompson v. Steele,*
    709 F.2d 381 (5th Cir. 1983) ................................................ 21

*Turk v. Mangum*,
  268 F.Supp.3d 928 (S.D. Tex. Jul 17, 2017) ....................................... 9

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
  336 F.3d 375 (5th Cir. 2003) ........................................................ 5

*Valle v. City of Houston*,
  613 F.3d 536 (5th Cir. 2010) .................................................. 11, 16

*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A.,
  H-10-2559, 2011 WL 4592057 (S.D. Tex. Sept. 30, 2011) ..................... 14

*Wallace v. Kato*,
  549 U.S. 384 (2007) ................................................................. 7

*Washington ex rel. J.W. v. Katy Indep. School Dist.*,
  390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) ..................................... 20

*Wilson v. Layne*,
  526 U.S. 603 (1999) ............................................................... 22

Statutes
42 U.S.C. §1983.......................................................... 19, 20, 21, 22
Section 71.004(c), Texas Civil Practice & Remedies Code ..................... 9, 10
Tex. Civ. Prac. & Rem. Code 71.021(b)........................................... 10
Tex. Civ. Prac. & Rem. Code §16.003 .............................................. 7
Tex. Civ. Prac. & Rem. Code §71.004(a) ........................................... 9
Tex. Civ. Prac. & Rem.Code 101.021 .............................................. 18
Tex. Civ. Prac. & Rem.Code 101.057 .............................................. 18

Rules
Fed. R. Civ. P. 8(a)(2).............................................................. 5
Fed. R. Civ. P. 8(c) ................................................................. 6
Fed. R. Civ. P. 12(b)(6)....................................................... passim
Fed. R. Evid. 201 ................................................................... 9

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **STACY SINGLETON** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| *Defendants.* | § | **Civil Action 4:23-CV-03141** |
| | § | |
| | § | |

## DEFENDANT HARRIS COUNTY AND SHERIFF GONZALEZ'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants HARRIS COUNTY ("Harris County" or "the County") and SHERIFF ED GONZALEZ, in his individual and official capacity ("Sheriff Gonzalez"), file this Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #6] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Defendants would respectfully show the Court as follows:

# I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.      This lawsuit stems from the August 20, 2021 [Doc.#6 ¶ 13], arrest of Richard Ajene Hipolito ("Hipolito") by Harris County Deputies J. Villarreal ("Villarreal") and C. Russell ("Russell") and the later injection of ketamine by either Harris County deputies or by City of Highlands Fire Department EMS personnel. Deputies Villarreal and Russell arrived at an apartment after a 911 call was received reporting a suspicious male running towards cars and running in to the street [*Id*]. Deputy Villarreal observed a male wearing the same clothes as described in the 911 call and detained Hipolito [*Id*]. Deputy Russell arrived and told Villarreal a nearby apartment alleged Hipolito had just forced his way into her apartment and fled the scene and believe Hipolito was on drugs [*Id*].

2.      The City of Highlands Fire EMS arrived. When Hipolito was being taken into custody, either Harris County deputies or The City of Highlands Fire Department EMS gave the order and injected the drug ketamine into Hipolito causing him distress [Doc.#6 ¶ 14]. Hipolito was taken by ambulance to the emergency room and then sent to Methodist Hospital on August 24, 2021, where he was declared dead hours later [Doc.#6 ¶ 15].

3.      On December 1, 2023, Plaintiff filed his original complaint[1] against Harris County, Sheriff Gonzalez in his individual and official capacity, Deputies J. Villarreal and C. Russell, The City of Highlands, Texas, The City of Highlands Fire Department, unknown Highlands Fire EMS, and unknow Harris County employees. Plaintiff Stacy Singleton sues individually and as a personal representative of the Estate of Richard Ajene Hipolito. Plaintiff "brings this wrongful death and survival suit against the defendants, state actors, for the deprivation of Hipolito's constitutional rights, liberties, and freedom, to be free from excessive and unreasonable use of force pursuant to

---

[1] The Original Complaint was titled "Plaintiff's First Amended Complaint."

the Fourth and Fourteenth Amendment of the Constitution of the United States and other state laws" [Doc. #6 ¶ 1]. Plaintiff also makes a general *Monell* claim against Harris County and Sheriff Gonzalez in his individual and official capacity, including claims of failure to train and supervise.

4.       Plaintiff's allegations against Harris County, Texas and Sheriff Gonzalez are bared by the statute of limitations and are general, conclusory allegations masquerading as factual conclusions of governmental liability [Doc.#6]. As such, Plaintiff has failed to state a claim upon which relief can be granted against Harris County, and Sheriff Gonzalez and Defendants respectfully move this Court to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6). In addition, the claims against the Harris County Deputies that have yet to make an appearance are barred by limitations.

## II. STATEMENT OF ISSUE, SUMMARY OF ARGUMENT
## AND STANDARD OF REVIEW

5. **Statement of Issue.** The issues to be ruled upon by the Court are:

    (A)    Whether Plaintiff's Claims are barred by Statute of Limitations?

    (B)    Whether this Court has subject matter jurisdiction over:
        i.    The wrongful death and/or survival claims brought by the Estate?
        ii.    The wrongful death claim brought by Plainitff in her individual capacity.

    (C)    Whether Plaintiff failed to state a claim upon which relief can be granted against Harris County?

    (D)    Whether Plaintiff failed to state a claim upon which relief can be granted against Sheriff Gonzalez?

6. **Summary of Argument**. Harris County respectfully submits that under Rule 12(b)(6), Plaintiff's claims against the County must be dismissed because the claims are (a) barred by statute of limitations, (b) this court lacks jurisdiction to hear these claims, and because (c) Plaintiff has failed to state a claim. It is clear from the face of Plaintiff's pleadings that all claims must be dismissed as a matter of law because all of Plaintiff's claims against the County are nothing more than general, conclusory allegations masquerading as factual conclusions. As such, Plaintiff has failed to state any facts to establish a *Monell* claim against Harris County. Additionally, Plaintiff has also failed to state a claim against Defendant Sheriff Gonzalez in his individual or official capacity, as claims against him are as if they were asserted against the County and he had no personal involvement in this matter.

7. **Standard of Review.** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (a Rule 12(b)(6) motion is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the

complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

8.        Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

9.        "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana*

*Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (internal citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

10.    "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

## III.    ARGUMENT AND AUTHORITIES

### A.    Plaintiff's claims are Time Barred.

11.    The Court should dismiss all of Plaintiff's claims against Harris County and Sheriff Gonzalez and the Harris County Deputies that have yet to appear because such are barred by the statute of limitations. A Rule 12(b)(6) motion is a proper procedural vehicle to seek dismissal when "it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc*., 3339 F.3d 359, 366 (5th Cir. 2003); *see also Jones v. Bock,* 549 U.S. 199, 215 (2007); Fed. R. Civ. P. 8(c).

12.    "Because no specified federal statute of limitations exists for §1983 suits, federal courts borrow from the forum state's general or residual personal-injury limitations period." *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In Texas, the general statute of limitations for personal-injury claims, like a §1983 claim, is two years.  *See* Tex. Civ. Prac. & Rem. Code §16.003; *see also Cuadra v. Houston Indep. Sch. Dist.,* 626 F.3d 808, 814 n. 7 (5th Cir. 2010) ; *Stanley v. Foster*,  464 F.3d  565, 568 (5th Cir. 2006); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

13.    While Texas law governs the limitations period, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Humphreys v. City of Ganado*, 467 Fed .App'x. 252, 255 (5th Cir. 2012) (per curiam). "Federal law, however, determines the date of accrual for the limitations period, which occurs when the plaintiff knows, or should have known, of the acts that form the basis of the claim." *Griffin v. New Orleans City*, 628 Fed. App'x 300, 301 (5th Cir. 2016); *see also Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016); *Piotrowski*, 237 F.3d at 576.  A plaintiff does "not need to know [she] has a legal cause of action; [she] need know only the facts that would ultimately support a claim.  *Piotrowski*, 237 F.3d at 576 (internal citation omitted).

14.    In the present case, Plaintiff has alleged that Deputies Villarreal and Russell violated the Decendent's Fourth and Fourteenth Amendment rights (excessive and unreasonable force) [Doc. #6, ¶1].  Plaintiff was clearly aware of the injuries resulting from this arrest and all related events at the time of arrest on August 20, 2021, or when he passed on August 24, 2021.

15.    **Excessive Force and Unlawful Arrest Claims.** The two-year limitations period applicable to Plaintiff's excessive and unreasonable force claims began to accrue on August 20, 2021. *See Wallace*, 549 U.S. at 397 (a cause of action related to an arrest accrues when the arrest

occurs); *see also Armstrong v. Serpas*, 670 Fed. App'x 851, 852 (5th Cir. 2016) (excessive force claims accrue on the date plaintiff alleges she was subjected to excessive force). Plaintiff filed this lawsuit on December 1, 2023 [Doc. #6]. It is, therefore, evident from Plaintiff's pleadings that these claims are time barred and must be dismissed.

**B.      This Court Lacks Subject Matter Jurisdiction Over Certain Claims**

16.      Standing is a jurisdictional requirement. *See Cameron Cnty. Housing Auth. v. City of Port Isabel*, 997 F.3d 619, 622 (5th Cir. 2021). If a plaintiff lacks standing, the suit must be dismissed for lack of subject matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). A federal court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. *See* <u>*Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998)</u>. To bring a claim under §1983, the plaintiff must have standing under the state's wrongful death or survival statutes. *See McPeak-Torres v. Brazoria Cnty., Tex.*, No. G-12-075, 2014 WL 12591850, at * 1 (S.D. Tex. Nov. 5, 2014) (citing *Rhyne v. Henderson Co.*, 973 F.2d 386, 390-91 (5th Cir. 1992)).

**(1)      Wrongful Death Claims**

17.      Texas wrongful death statute allows statutory beneficiaries to be compensated for their <u>own</u> loss resulting from a decedent's death and is not intended to benefit the decedent's estate. *Cass v. City of Abilene*, No. 1:13-cv-177-C, 2014 WL 12642539, at *2 (N.D. Tex. Feb 25, 2014) (citing *In re McCoy,* 373 F. Supp. 870, 874-75 (W.D. Tex. 1974)) (emphasis added). "It is the law of this circuit that individuals who are within the class of people entitled to recover under Texas's wrongful death statute have standing to sue under §1983 for their <u>own</u> injuries from the deprivation of decedent's constitutional rights." *Diaz ex rel. Diaz v. Mayor of Corpus Christi*, 121 Fed. App'x. 36, 39 (5th Cir. 2005) (quoting *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996)) (emphasis added). The statutory beneficiaries under the Texas wrongful death statute are limited to "the

surviving spouse, children and parents" of the decedent. Tex. Civ. Prac. & Rem. Code §71.004(a); *see also Turk v. Mangum*, 268 F.Supp.3d 928, 932 (S.D. Tex. Jul 17, 2017) (an action under Texas wrongful death statute is for the exclusive benefit of the surviving spouse, children and parents of the deceased). Plaintiff has not alleged that she is wither a surviving spouse, child or parent o the decent, failing to meet this requirement. However, Section 71.004(c), Texas Civil Practice & Remedies Code, provides, "if none of the individuals entitled to bring an action have begun the action *within three calendar months* after the death of the injured individual, *his executor or administrator shall* bring and prosecute the action unless requested not to by all those individuals." Tex. Civ. Prac. & Rem. Code §71.004(c) (emphasis added).

18.    **Estate's Claim**. To the extent that Hipolito's Estate is bringing a wrongful death claim, such is improper. "Wrongful death benefits do not belong to the decedent's estate." *Martinez v. Foster*, No. 4:13-cv-59, 2017 WL 9286990, at *4 (E.D. Tex. Mar. 13, 2017), *report and recommendation adopted*, 2017 WL 1251105 (E.D. Tex. Mar. 31, 2017) (quoting *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988)). Hipolito's Estate, therefore, has no standing to bring a wrongful death claim against Harris County, Sheriff Gonzalez or any defendant. As such, this Court lacks subject matter jurisdiction over the Estate's wrongful death claim and such claim should be dismissed as a matter of law.

19.    **Stacy Singleton's Individual Capacity Claim**. Singleton has filed this lawsuit in her individual capacity and as representative of the Estate; yet no administration of the Estate is pending in Harris County[2]. This lawsuit was filed December 1, 2023, complaining of the death of Hipolito that occurred on August 24, 2021 [Doc. #6]. Under the facts of this case, it appears that a

---

[2] HCSO requests that the Court to take judicial notice under Fed. R. Evid. 201 of the Harris County Clerk's website relating to the lack of the filing of Hipolito's Estate in a Harris County Probate Court. Judicial notice under Rule 201 is appropriate for information posted on a government website. *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005).

representative of Hipolito's Estate would be the <u>only</u> proper plaintiff to bring the wrongful death claims. *See* Tex. Civ. Prac. & Rem. Code §71.004(c). Because Plaintiffs filed this lawsuit on December 1, 2023, which is clearly more than three calendar months after Hipolito's death, the proper party tasked with bringing and prosecuting the action on behalf of Hipolito's eligible family members is his executor or administrator. Singleton, therefore, in her individual capacity does not have standing to bring this wrongful death claim and such must be dismissed as a matter of law.

### (2) Survival Claims

20. The statutory beneficiaries under the Texas's survival statute are limited to a decedent's "heirs, legal representatives and the estate of the injured person" and only these designated beneficiaries have standing to bring a survival action. Tex. Civ. Prac. & Rem. Code 71.021(b). With regards to a decedent's estate bringing a survival claim, the personal representative of the estate is the only person entitled to sue on the estate's behalf. *See Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971); *see also Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). However, a legal heir can sue on behalf of an estate if the heir alleges that "there is no administration of the estate pending and no necessity for same and that they are the only heirs or devisees of the deceased." *Lozano v. Smith,* 718 F.2d 756, 773 n. 38 (5th Cir.1983); *see also Frazier,* 472 S.W.2d at 752; *Johnson v. Holly Farms, Inc.,* 731 S.W.2d 641, 647 (Tex.App.—Amarillo 1987, no writ).

21. **Estate's Claim.** Based on the pleadings, Plaintiff does not make any reference to the administration of the Estate [Doc. #6]. Rather, Plaintiff only names the Estate in the caption of the lawsuit and nothing more. Clearly, Plaintiff has failed to properly plead that an administration of Hipolito's estate is necessary. *See Ford Motor Co. v. Cammack*, 999 S.W.2d 1, 4 (Tex. App.-Houston [14th Distr.] 1988, pet. denied) (for a survival action to be brought by the heirs…they must allege and prove that there is no administration pending and that none is necessary).

22.     Whether an administration of Hipolito's Estate is necessary is dependent on there being no outstanding debt at the time of Hipolito's death and if the beneficiaries had resolved the Estate's disposition. *See Rodgers v Lancaster Police & Fire Dept.*, 819 F.3d 205, 212 (5th Cir. 2016); *see also Shepherd*, 962 S.W.2d at 31-32. Plaintiff's complaint is void of any facts regarding Hipolito's debts at the time of his death on August 24, 2021. An administration of Hipolito's Estate is also necessary because Singleton has not established that she is the only heir or devisee of the deceased. *See Lozano,* 718 F.2d at 773 n. 38; *Frazier,* 472 S.W.2d at 7. As a result, Plaintiff cannot plead any facts to show that the family is in agreement regarding this lawsuit, which is property of the Estate, because not all beneficiaries have been named or acknowledged in the pleadings. The Estate, therefore, lacks standing and capacity to bring a survival claim against Harris County, Sheriff Gonzalez, or any defendant.  As such, this Court lacks subject matter jurisdiction over the Estate's survival claim and such claim should be dismissed as a matter of law.

**C.     Plaintiff fails to state a claim upon which relief can be granted against Harris County**

23.     Plaintiff's claims fail, because she has not alleged any facts to support the essential elements of a *Monell* claim against Harris County [Doc. #6]. "[U]nder §1983, local governments are responsible <u>only</u> for '<u>their own</u> illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for an

employee's actions, even if unconstitutional. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

24.     In Plaintiff's Complaint, she alleges that Deputies C. Russell and J. Villarreal **or** Highlands Fire Department EMS violated Hipolito's Fourth and Fourteenth amendment rights when he was arrested and then later injected with ketamine. Harris County would not be liable for this action, as any isolated instances of alleged constitutional violations would not be enough to trigger liability and the County would not be held vicariously liable. Additionally, Plaintiff has not assigned actual liability to any specific person who works for Harris County; therefore, Harris County could not be liable for the ***possible*** actions of an employee or of a person who is not an employee not under their purview.

25.     To support a claim against Harris County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 51 U.S. at 60; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). Plaintiff, therefore, bears the burden of demonstrating that, "through deliberate [indifference], the [governmental entity] was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *see also James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

26.     The Supreme Court has described causation in a § 1983 case as requiring a plaintiff to

"initially allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'" *Spiller v. City of Texas City, Police Dept.,* 130 F.3d 162, 167 (5th Cir. 1997) (citation omitted). The plaintiff must also allege how "'the custom or policy served as the moving force behind the [constitutional] violation at issue,' or that her injuries resulted from the execution of the official policy or custom." *Id.* (citations omitted). <u>The description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory. It must contain specific facts</u>. *Id.* (citations omitted) (emphasis added).

27.     Additionally, the Fifth Circuit has defined an official policy for purposes of § 1983 as "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's law-making officials or by an official to whom the lawmakers have delegated policy-making authority." *Okon v. Harris Cnty. Hosp. Dist*., 426 F. App'x 312, 316 (5th Cir. 2011) (citations omitted). Plaintiff has failed to identify a defined policy created by a Harris County policymaker that was the "moving force" in the violation of his constitutional rights. Plaintiff has likewise failed to set forth specific facts and has simply made conclusory allegations.

28.     To meet this pleading standard, Plaintiff was required to identify a policymaker, explain what policy was created, or show facts to establish that the policymaker was deliberately indifferent to conduct that was so "persistent and widespread" that it became a custom. Plaintiff was then required to plead facts establishing that the official policy or custom specifically caused his particular damages. Plaintiff has failed to meet this requirement. The claims which Plaintiff brings against Harris County are based solely on conclusory allegations and unsubstantiated assertions. There is no "official policy" identified in the First Amended Complaint, nor an identified custom, pattern, or practice [Doc. #6 ¶ 30].

29.     **Monell Claim**. For purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts from

which the court can reasonably infer that "the challenged policy was promulgated or ratified by the city's policymaker." *See Gordon v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016). Since Plaintiff has not established the necessary elements of *Monell*, his claims fail as a matter of law and must be dismissed against Harris County.

30.     **There is no official policy or widespread practice**. Plaintiff has named Sheriff Gonzalez as the official policymaker regarding decisions for the Harris County deputies. However, even in naming an alleged policymaker, Plaintiff's claims still fail as Plaintiff has not identified any specific, officially promulgated written policy statement, regulation or decision of Harris County that allegedly caused a violation of Plaintiff's constitutional rights. Nor has Plaintiff established a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a county policy. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.) ("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). A pattern requires "sufficiently numerous prior incidents," not "isolated instances." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989). Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted).

31.     In Plaintiff's pleading, Plaintiff simply states that the official policy or practice which was the moving force was the "policy or persistent widespread practice of injecting ketamine into detainees or ordering the injection of ketamine to sedate them [Doc.#6 ¶ 30]. This conclusory statement does not meet the standards of *Monell*. Plaintiff has not actually identified an official policy from the County and simply states that it's a widespread practice. There is no official policy

stated. Additionally, there are no supported facts to establish any custom, pattern or practice so widespread as to be seen as a policy for Harris County. Plaintiff's allegations are conclusory without any supported facts.

32.     Plaintiff simply concludes throughout her First Amended Complaint that Harris County has a "policy or practice of injecting or ordering the injection of ketamine to detainees [*Id*]. These conclusory statements are insufficient to show a county policy or widespread custom which was the moving force behind any alleged constitutional violation from Harris County. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and claims against Harris County should be dismissed as a matter of law.

33.     **There is no Casual Link**. There is no factual basis alleged that the policy alleged was a moving force to Hipolito's injuries and death. In fact, there is nothing alleged in Plaintiff's First Amended Pleading within the facts section or 1983 section regarding Harris County which states that any alleged ketamine injection actually ***caused*** his death or that any Harris County policy or widespread practice caused his death. Plaintiff simply states that the alleged policy of injecting ketamine to detainees violated Hipolito's Fourth and Fourteenth Amendment rights. [Doc. #6p 30]. This is conclusory, fails to show a causal link that the injuries resulted from the execution of the alleged official policy or custom, and inapposite of *Monell*.

34.     **No Deliberate Indifference**. Plaintiff also failed to show there was deliberate indifference. Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious

consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, Plaintiff must allege facts which show not only an unconstitutional decision, but a decision by Harris County to violate the Constitution. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added). Plaintiff simply states that defendants acted with deliberate indifference and does not put forth further facts to establish this claim [Doc.#6 ¶ 31]. Thus, Plaintiff has failed to allege any facts that meet this stringent standard.

35.     **Failure to Train and Supervise Claims**. Plaintiff contends that Sheriff Gonzalez[3] (Harris County) is liable for failing to train and supervise, not only the deputies involved in this incident but Highlands Fire department EMS [Doc.#6 at ¶ 53]. The standard for establishing liability for failure to train or supervise claims is the same standard for establishing municipal liability in general. *Valle*, 613 F.3d at 544 (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

36.     **Failure to Train.** Other than pure speculation on his failure to train claim, Plaintiff has failed to identify any inadequacies or deficiencies in the training of any deputies; failed to allege any facts to link the purported inadequate or deficient training to his alleged injuries; and failed to allege any facts to establish a pattern of ***similar*** incidents in which citizens have been injured as a result. Again, threadbare allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Taylor*, 296 F.3d at 378 (internal citation omitted).

37.     Plaintiff simply stated in his pleading "The failure to train or supervise was a direct cause of Hipolito's death and it amounted to deliberate indifference [Doc.#6 ¶ 54]. Nothing more has been alleged by Plaintiff but conclusory statements. Therefore, Plaintiff has failed to state a failure

---

[3] Plaintiff acknowledges and caselaw states that "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell*, 436 U.S. at 691-95); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991)

to train claim upon which relief can be granted against Harris County or Sheriff Gonzalez and such claim should be dismissed as a matter of law.

38.     **Failure to Supervise.** For his failure to supervise claim, Plaintiff has not identified a supervisory official of Harris County that was involved in Hipolito's arrest, the injection of ketamine, or any other allegation; has not alleged any facts that established a causal connection between the alleged failure to supervise and violation of his rights; and has not alleged any facts that the failure to supervise amounted to deliberate indifference to his rights. *See Roberts*, 397 F.3d at 292. There are no alleged facts which show an unconstitutional decision, or a decision by Harris County to violate the Constitution.  *See Gonzalez v. Ysleta Indep. School Dist*., 996 F.2d 745, 759 (5th Cir. 1993). Plaintiff also failed to allege any facts to establish a pattern of ***similar*** incidents in which citizens have been injured as a result. Plaintiff only makes a general allegation of failure to supervise, and such is inadequate to prevent dismissal under Rule 12(b)(6). *See Taylor*, 296 F.3d at 378; *see also Hale*, 642 F.3d at 499  ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim"). As a result, Plaintiff has failed to state a failure to supervise claim for which relief can be granted against Harris County or Sheriff Gonzalez and such claim should be dismissed as a matter of law.

39.     **Fourth Amendment Claim.** Plaintiff generically alleges that Harris County violated Hipolito's Fourth Amendment rights to be free of excessive and unreasonable force. [Doc.#6 ¶ 1]. "The basic purpose of this Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (internal citation omitted). However, this claim is vague and does not state which actions from Harris County

violated his rights. Additionally, there is no showing from the pleadings that any constitutional violation occurred when Hipolito was allegedly injected with ketamine. Additionally, there has been no allegation that the right at issue in this case was "clearly established" at the time of the alleged constitutional violation to support a Fourth Amendment violation.

40.     **Fourteenth Amendment.** Plaintiff claims that Hipolito's Fourteenth Amendment rights were violated. However, this claim is vague and does not state which actions from Harris County deputies possibly injected him with ketamine. Hipolito was not a pretrial detainee at the time this took place. The protections of the Fourteenth Amendment are not implicated by the facts alleged in the First Amended Complaint because Plaintiff's claims relate to actions taking place while Hipolito was being arrested or placed in custody. While the Fourth Amendment protects arrestees, once an arrest is complete, pretrial detainees are protected by the due process clause of Fourteenth Amendment. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998). Therefore, Plaintiff cannot recover pursuant to §1983 for alleged violations of his Fourteenth Amendment rights and said claim against Harris County must be dismissed as a matter of law.

41.     **State Law Claims**. Any state law claims against Harris County and Sheriff Gonzalez are prohibited as a governmental unit in Texas is only liable for personal injury if the injury was caused by a condition or use of tangible personal or real property. *See* Tex. Civ. Prac. & Rem.Code 101.021, the Texas Tort Claims Act. None of Plaintiff's state claims fall into this limited waiver and therefore warrant dismissal. Additionally, Plaintiff's state claims are precluded as they are intentional torts and the government retains immunity. *See* Tex. Civ. Prac. & Rem.Code 101.057. Furthermore, Plaintiff has failed to plead any state law claims and simply states in the beginning of the Complaint that he brings this suit against defendants "for the deprivation of Hipolito's constitutional rights, liberties, and freedom, to be free from excessive and unreasonable use of

force pursuant to the Fourth and Fourteenth Amendment of the Constitution of the United States **and other state laws**" [Doc. #6 ¶ 1]. Plaintiff has simply pled conclusory allegations, and as such any state law claims must be dismissed.

**D.     Plaintiff has Failed to State a Claim against Sheriff Gonzalez in his Official Capacity or Individual Capacity**

42.     Plaintiff's claims are barred because they have not stated a claim against Sheriff Gonzalez in his official capacity nor individual capacity for which relief is available under 42 U.S.C. §1983. Sheriff Gonzalez asserts that he is cloaked by qualified immunity and not subject to suit and not liable to Plaintiff.

43.     **Official Capacity.** Plaintiff's claims against Sheriff Gonzalez in his official capacity in this suit are redundant and identical to those against Harris County. Sheriff Gonzalez is named as an alleged policymaker. "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell*, 436 U.S. at 691-95); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (suits against a defendant acting in his official capacity are, at bottom, an attempt to recover from the governmental entity itself). It is clear from the face of Plaintiff's pleading that these claims against Sheriff Gonzalez must be dismissed as a matter of law because any claim against Sheriff Gonzales in his official capacity is no different than claims against Harris County itself. This fact is also acknowledged by Plaintiff within the Complaint [Doc.#6 p 26]. Thus, all of Plaintiff's claims against Sheriff Gonzalez in his official capacity must be dismissed as a matter of law.

44.     **Individual Capacity.** Sheriff Gonzalez in his individual capacity, asserts that he is immune from suit and therefore, not liable because he is cloaked by qualified immunity. Qualified immunity shields Sheriff Gonzalez "from civil damages liability unless he violated a statute or

constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). "When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether 'the plaintiff's pleadings assert facts, which if true, would overcome the defense of qualified immunity.'" *Rojero v. El Paso County*, 226 F.Supp.3d 768, 776-777 (W.D. Tex. Apr 28, 2016) (citation omitted); *see also Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 201 (5th Cir. 2020).

45.     The "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "Conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense." *Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) (citation omitted). Plaintiff, in this case, has not met the pleading standard necessary to subject Sheriff Gonzalez to the burdens of litigation.

46.     **No Personal Involvement**. Firstly, the claims against Sheriff Gonzalez fail because Plaintiff does not allege facts that show Sheriff Gonzalez had any personal involvement in any unconstitutional conduct at issue in this case. All of the conduct alleged is simply in a supervisory role only. "Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each government official defendant, through the <u>official's own individual actions</u>, has violated the Constitution." *Ashcroft*, 556 U.S. at 676 (emphasis added). In other words, a defendant's personal involvement is an essential element of a §1983 claim, which must be pleaded with specific facts and not conclusory allegations. *See Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir.

2005) (citation omitted); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983);

*Thompson v. City of Starkville*, 901 F.2d 456, 469 n.13 (5th Cir. 1990) (plaintiff invoking §1983 must plead specific facts that, if proved, would overcome the individual defendant's qualified immunity defense as complaints containing conclusory allegations, absent reference to material facts will not survive a motion to dismiss). A supervisory official, like Sheriff Gonzalez, may only be held liable when he "<u>affirmatively</u> participates in acts which cause a constitutional deprivation, or implements an unconstitutional policy that causally result in the plaintiff's injuries." *Casanova v. City of Brookshire*, 119 F.Supp.2d 639, 660 (S.D. Tex. Sept 7, 2000) (citing *Baker*, 75 F.3d at 199) (emphasis added).

47.    Plaintiff's Amended Complaint is void of any factual allegations that plausibly show personal involvement of Sheriff Gonzalez in any constitutional deprivation alleged in this lawsuit [Doc. #6]. Plaintiff does not contend that Sheriff Gonzalez was personally involved, aware, or even at the scene of Hipolito's arrest or when he was allegedly injected with ketamine. Because there are no pleading allegations which evidence that the Sheriff Gonzalez personally participated in any unconstitutional conduct, Plaintiff fails to meet the standard necessary to support a claim for relief against Sheriff Gonzalez in his individual capacity and Plaintiff's claims against him should be dismissed as a matter of law. *See Thompson*, 901 F.2d at 469 n.13.

48.    **No Implementation of Any Unconstitutional Policy.** Other than bare, unsubstantiated conclusory allegations and legal conclusions, as stated previously, Plaintiff has failed to show an official policy or widespread practice implemented by Sheriff Gonzalez. The "description of a policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande*, 879 F.3d 613, 622 (5th Cir. 2018) (citation omitted). In short, Plaintiff's unsubstantiated assertions, improbable inferences and unsupported

speculation are not sufficient to overcome Sheriff Gonzalez' qualified immunity defense. Surviving a motion to dismiss requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Accordingly, Plaintiff has failed to state a claim against Sheriff Gonzalez for which relief can be granted and claims against her should be dismissed as a matter of law.

49.     **No Clearly Established Right.** A public official who violates an individual's constitutional rights is still immune from liability unless the rights in question were "clearly established" when the violation occurred. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). There are three ways to demonstrate that a right is clearly established. First, an on-point, controlling case can put the constitutional violation "beyond debate." See, e.g., Mullenix v. Luna, 577 U.S. 7, 12 (2015) (per curiam). Second, a "robust consensus of persuasive authority" can clearly define the contours of a constitutional right. See, e.g., Wilson v. Layne, 526 U.S. 603, 617 (1999). Lastly, there may be circumstances where neither controlling authority nor a robust consensus of persuasive authority exists, but the constitutional violation is nonetheless "obvious." See Brousseau v. Haugen, 543 U.S. 194, 199 (2004) (per curiam) (citing Hope v. Pelzer, 536 U.S. 730, 738 (2002)). Overcoming qualified immunity requires showing that "every reasonable official would understand that what he is doing violates [a constitutional right]." Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011) (internal quotation marks omitted). Given the strictness of these standards the Plaintiff has not pled facts nor given support which demonstrate a clearly established right was at issue in this case. Thus, Plaintiff has not met its burden.

50.     **Punitive Damages**. Plaintiff's claim for punitive damages against the County must be dismissed.  "[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247,271 (1981); *Thomas v. City of New Orleans*, 687

F.2d 80, 84 n.2 (1982) (affirming punitive damage award against individual defendants but acknowledging that no award of punitive damages could be awarded against the City of New Orleans itself). Thus, Plaintiff may not seek to recover punitive damages against Harris County.

51.     **Motion to Stay Discovery.** Defendants request a stay in discovery since there is a now a pending 12(b)(6) Motion to Dismiss and since qualified immunity has been raised as a defense, discovery cannot be permitted before this Court rules on the pending motion to dismiss. *See Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022). A stay in discovery avoids the "costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993). Defendants move this Court to stay all discovery until their 12(b)(6) Motion to Dismiss is ruled upon.

**E.     Conclusion.**

52.     For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Harris County and Sheriff Gonzalez. Accordingly, Harris County and Sheriff Gonzalez are entitled to dismissal of Plaintiff's claims against them as a matter of law. The Harris County Deputies that have not yet appeared are also entitled to dismissal of the claims against them based on limitations.

WHEREFORE, PREMISES CONSIDERED, Defendants HARRIS COUNTY and SHERIFF ED GONZALEZ, in his individual and official capacity request that the Court grant its motion and enter an order dismissing Plaintiff's claims against them, award costs and attorneys' fees and grant all other relief to which Defendants are entitled.

Date: December 29, 2023

Respectfully submitted,

**CHRISTIAN D. MENEFEE**

HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:     */s/Veronica L. Jones*
    **VERONICA L. JONES**
Assistant County Attorney
**ATTORNEY-IN-CHARGE**
State Bar No. 24097902
Federal ID No. 3639763
Tel: (713) 274-5181 (direct)
Veronica.Jones@harriscountytx.gov

**FRANK J. FORD**
Assistant County Attorney
State Bar No. 24012642
Federal ID No. 565385
Tel: (713) 274-5166 (direct)
Frank.Ford@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002

**Attorneys for Defendants Harris County
and Sheriff Ed Gonzalez**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:


**The Cox Pradia Law Firm, PLLC**

Troy J. Pradia
2402 Rosedale Street
Houston, Texas 77004
Tel: 713.739.0402
Fax: 713.752.2812
tjp@coxpradialaw.com

ATTORNEY FOR PLAINTIFF




*/s/ Veronica L. Jones*
Veronica L. Jones