**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **STACY SINGLETON, INDIVIDUALLY,** | § | |
| **AND AS THE PERSONAL** | § | |
| **REPRESENTATIVE OF** | § | |
| **THE ESTATE OF RICHARD AJENE** | § | |
| **HIPOLITO** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **C.A. No. 4:23-cv-03141** |
| | § | |
| **HARRIS COUNTY, TEXAS, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | **JURY DEMANDED** |

**HIGHLANDS VOLUNTEER FIRE DEPARTMENT'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST**
**AMENDED COMPLAINT FOR IMPROPER PROCESS, IMPROPER SERVICE**
**OF PROCESS, AND FAILURE TO STATE A CLAIM**

**Introduction**

1.      Plaintiff's response fails to rebut the multiple, independent grounds for dismissal set forth in Highlands VFD's motion to dismiss.  Plaintiff does not dispute that the summons names the wrong party, and that she failed to serve Highlands VFD within ninety days as required by Rule 4 of the Federal Rules of Civil Procedure.  Plaintiff does not dispute that the decision of whether to inject an uncooperative patient with ketamine is a question of medical judgment that cannot support a constitutional violation.  Plaintiff does not dispute that her *Monell* claims are based upon a single isolated incident, rather than a pattern or practice.  And Plaintiff does not dispute that the alleged excessive force— the administration of the ketamine —occurred more than two years before she filed suit.

1

**Argument**

**A.    The Court Should Dismiss Plaintiff's Complaint for Insufficient Service and Insufficient Service of Process**

2.      In the response, Plaintiff concedes that the summons is directed to the wrong party, and she did not serve Highlands VFD within ninety days of filing suit.  (Doc. ID # 21 at pg. 15-20).

3.      Plaintiff claims she was unable to timely serve on any of the named defendants because she did "not have all the names of the individuals involved at the time of filing," and the Harris County Sheriff's Office refused to produce documents and body camera footage in response to an open records request by claiming the "law enforcement exception." (Doc. ID # 21 at pg. 15-20, Ex. A2).  Plaintiff acknowledges that her attorney received a copy of the letter that the Harris County Sheriff's Office sent to Attorney General Ken Paxton claiming the "law enforcement exception" on **June 1, 2022**. (Doc. ID #21, Ex. A at pg. 2.  Plaintiff ultimately filed her Original Complaint against "City of Highlands Fire Department" on August on **August 24, 2023** (Doc. ID #1), yet she did not even request summons to be issued to any of the named defendants until **December 5, 2023**. (Doc. ID # 7).  Plaintiff has provided no explanation for why she waited more than ninety days before requesting summons.

4.      The Fifth Circuit has held that dismissal for delayed service is mandatory absent a showing of good cause. *See McDonald v. United States*, 898 F.2d 466, 467 (5th Cir. 1990).  A "delay between filing and service [is] more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal

notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006).  Filing suit within a limitations period, but waiting to serve the defendant until after the period has expired, may in some situations be "prejudicial by its very nature," as "[o]nce the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim." *Gartin v. Par. Pharm. Cos., Inc*., 289 Fed. Appx. 688, 694 (5th Cir. 2008).

5.      Since Plaintiff has not established good cause for her failure to effect timely service, the Court should dismiss her claims pursuant to Rules 12(b)(4) and 12(b)(5).

**B.      Plaintiff Cannot Establish an Underlying Constitutional Violation**

6.      Even if Plaintiff were able to establish that service were timely, her claims would still be subject to dismissal because she cannot establish an underlying constitutional violation.

7.      In her response, Plaintiff does not offer a single case standing for the proposition that medical professionals "seize" a patient for purposes of the Fourth Amendment by administrating medication. (Doc. ID # 21 at pg. 26-27).  She also does not offer a single case supporting her claims under the Fourteenth Amendment.  (Doc. ID # 21 at pg. 27-28).  Instead, Plaintiff blankly asserts that Highlands VFD improperly injected Hipolito with ketamine after being "called to sedate" him, "without knowing anything about Hipolito and in light of the possible side effects." (Doc. ID # 21 at pg. 25, 27). Plaintiff further alleges that Highlands VFD "did not know Hipolito's medical history,

whether he was on prescription medications, or whether he would have an adverse reaction to the drug." (Doc. ID # 21 at pg. 13).

8.      The Fifth Circuit has consistently held that improper medical treatment does not support a constitutional violation.  See *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999; *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). "Whether [Hipolito] needed to be sedated, and if so with what sedative, are questions of appropriate medical care that must be resolved in a medical malpractice action under state law." *Buckley v. Hennepin Cnt'y*, 9 F.4th 757, 762 (8th Cir. 2021); *Thompson v. Cope*, 900 F.3d 414, 424-25 (7th Cir. 2018) (explaining that paramedic's alleged unconstitutional injection of sedative were an exercise of "medical judgment" and subject to Indiana's medical malpractice statute).

9.      Given the absence of a constitutional violation, the Court should dismiss Plaintiff's claims against Highlands VFD.

### C.      Plaintiff Cannot State a Failure-to Train/Supervise Claim against Highlands VFD

10.      In the response, Plaintiff argues that she can maintain a claim against Highlands VFD under *Monell* for failing to "sufficiently train or supervise its paramedics in the administration of ketamine." (Doc. ID # 21 at pg. 28-30).  She cannot.

11.      A claim for failure to train or supervise requires that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005).

12.     In this case, Plaintiff's complaint does not contain—and the response does not identify—any factual allegations regarding the **specific** deficiencies in Highlands VFD's training and supervision, and how those **specific** deficiencies were the moving force in Hipolito's death.  *See Zarnow v. City of Wichita Falls Tex.*, 614 F.3d 161, 170 (5th Cir. 2010) (explaining that in order for "liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective").

13.     Plaintiff also does not identify any **specific** factual allegations to support that Highlands VFD acted with deliberate indifference. "[A] showing of deliberate indifference requires that the [Plaintiff] show that the failure to train reflects a deliberate or conscious choice to endanger constitutional rights." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (internal quotation marks omitted).

14.     Rather than showing deliberate indifference by Highlands VFD, Plaintiff alleges the medics administered ketamine "**without knowing** anything about Hipolito and in light of the possible side effects." (Doc. ID # 21 at pg. 25).  According to Plaintiff, the "HVFD paramedics **did not know** what drug or drugs Hipolito may have taken, how much of the drug he had taken, or when Hipolito had taken any drug prior to their encounter." (Doc. ID # 21 at pg. 13).  They also "**did not know** Hipolito's medical history, whether he was on prescription medications, or whether he would have an adverse reaction to the drug." *Id.*  A lack of knowledge does not amount to deliberate indifference. *See Reyes v. Bridgwater*, 362 F. App'x 403, 410 (5th Cir. 2010) ("There is no evidence that would support a finding that Porras was actually aware that Bridgwater presented a risk that Porras

chose to disregard. Indeed, there is virtually no evidence that Porras knew of any adverse information regarding Bridgwater.") (emphasis omitted).

15.     Finally, Plaintiff's complaint also does not have any factual allegations that would support the single-incident exception.  "To rely on the [single-incident] exception, a plaintiff must prove that the 'highly predictable' consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the 'moving force' behind the constitutional violation." *Estate of Davis,*, 406 F.3d at 385-86 (5th Cir. 2005).

16.     Given that Plaintiff's failure to train/supervise claim suffers from multiple fatal deficiencies, Highlands VFD is entitled to dismissal.

**D.     Plaintiff's Claims Are Barred by the Statute of Limitations**

17.     Finally, Plaintiff alleges in her response that her claims "began accruing on the date of [Hipolito's] death or the date Plaintiff discovered the use of excessive force." (Doc. ID # 21 at pg. 30).  This argument is without merit.

18.     Under federal law, a claim "accrues" "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Pitrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 2001).  The "cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007).

19.     "An excessive force claim generally accrues on the date when the force is inflicted." *Morrill v. City of Denton,* 693 F. App'x 304, 306 (5th Cir. 2017).  In the response, Plaintiff acknowledges that the "excessive force may have occurred on August

20, 2021," but argues that the statute of limitations accrued upon Hipolito's death several days later.  (Doc. ID # 21 at pg. 30-33).   Texas courts have rejected similar arguments to those raised by Plaintiff.  For example, in *Meyer v. Coffey*, 231 F. Supp. 3d 137 (N.D. Tex. 2017), Meyer was arrested by police and subjected to excessive force on May 18, 2013.  After experiencing continuing harassment, Meyer committed suicide on June 13, 2015. *Id.* at 142. Following Meyer's death, his estate sued for civil rights violations in September 2015, alleging illegal search and seizure stemming from the May 18, 2013 arrest. *Id.* at 145.The District Court held that the estate's claims were untimely:

> **Meyer became aware** of the alleged injuries on which Plaintiff's claims for illegal search and seizure and retaliation are based on May 18, 2013, "the day that those injuries occurred." Plaintiff brought suit on September 9, 2015. **Thus, her first three claims were untimely— that Plaintiff brought them on behalf of Meyer's estate does not change the calculus.**

*Id*. at 146 (emphasis added).

20.     Similar to *Meyer*, Hipolito was conscious when the Highlands VFD medics administered ketamine.  (Doc. ID # 21 at pg. 12-13).  Hipolito was therefore aware of the alleged excessive force on that date and the basis for his claims, "even though the full extent of the injury is not then known or predictable." *Wallace*, 549 U.S. at 391.  Because Hipolito was aware of the alleged excessive force on August 20, 2021, the two-year statute of limitations expired on August 20, 2023.  That "Plaintiff brought [the claims] on behalf of [Hipolito's] estate does not change the calculus." *Meyer*, 231 F. Supp. 3d at 146.

E.     **The Court Should Deny Leave to Amend**

21.     At the end of her response, Plaintiff "seeks leave to amend facts after the Defendants produce documents." (Doc. ID # 21 at pg. 33-34).

22.     A district court may deny leave to amend a complaint if amendment would be futile. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).  Plaintiff fails to identify the specific information she intends to add to her amended complaint from the "HVFD report," and how that information would address the specific deficiencies with her claims. Given that Plaintiff's proposed amendment would be futile, the Court should deny leave.

## Conclusion

23.     Plaintiff's claims as to Highlands VFD fail for multiple independent reasons. The Court should dismiss Plaintiff's claims with prejudice and grant Highlands VFD such other relief to which it is justly entitled.  The Court should also deny Plaintiff's request to file an amended petition because any amendment would be futile.

Respectfully submitted,

**VORYS, SATER, SEYMOUR AND PEASE LLP**

_/s/ John S. Collins_
Phillip W. Bechter
TBN 00787053; Fed ID 17725
Attorney-in-Charge
pbechter@vorys.com
John S. Collins
TBN 24087327; Fed ID 3181578
jscollins@vorys.com
909 Fannin, Suite 2700
Houston, Texas 77010
(713) 588-7000 Telephone
(713) 588-7050 Facsimile

**ATTORNEYS FOR DEFENDANT
HIGHLANDS VOLUNTEER FIRE
DEPARTMENT**

**<u>CERTIFICATE OF WORD COUNT</u>**

Pursuant to the Court's rules, I hereby certify that the Word Count for this Reply is 1,982.

_/s/ John S. Collins_
John S. Collins

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February 2024 I electronically filed *Highlands Volunteer Fire Department's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint for Improper Process, Improper Service of Process, and Failure to State A Claim* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Troy J. Pradia
The Cox Law Firm
1415 North Loop West, Suite 305
Houston, Texas 77008
tjp@coxpradialaw.com
*Attorneys for Plaintiff*

Veronica L. Jones
Office of Christian D. Menefee
Harris County Attorney
1019 Congress, 15th Floor
Houston TX 77002
Veronica.jones@harriscountytx.gov
*Attorney for Defendants, Harris County,*
*Sheriff Ed Gonzalez, Deputy J. Villarreal, and*
*Deputy C. Russell*

  */s/ Phillip W. Bechter*
Phillip W. Bechter