United States District Court
Southern District of Texas
**ENTERED**
September 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACY SINGLETON, individually, and as the personal representative of THE ESTATE OF RICHARD AJENE HIPOLITO, Plaintiffs, vs. HARRIS COUNTY, TEXAS, *et al*, Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO 4:23-cv-03141 JUDGE CHARLES ESKRIDGE |

OPINION AND ORDER
GRANTING MOTIONS TO DISMISS

Defendants Highlands Volunteer Fire Department, Harris County and Sheriff Ed Gonzalez, Deputy J. Villarreal, and Deputy Clinton Russell filed several motions to dismiss arguing numerous grounds for dismissal. Dkts 10, 12, 13 & 14.

Plaintiff Stacy Singleton purports to bring this action in her individual capacity and as the representative of the estate of decedent Richard Ajene Hipolito. Dkt 6 at ¶5. As pleaded, she lacks standing to pursue such claims. The motions to dismiss are thus granted with respect to lack of subject-matter jurisdiction.

1. Background

Erroneously titled as the first amended complaint, the second amended complaint is the current pleading. See Dkt 6. It alleges as follows.

Hipolito was 37 years old when he died. Dkt 6 at ¶15. On August 20, 2021, a 911 call reported a suspicious male running toward cars and into the street. Deputy Villarreal saw Hipolito and detained him, having observed that he matched the description of the man described in the emergency call. Deputy Russell arrived and told Villarreal that a woman who knew Hipolito and lived nearby reported that he had fled after forcing his way into her apartment, and that she believed Hipolito was under the influence of drugs. Id at ¶13.

Personnel from the City of Highlands Volunteer Fire Department arrived at the scene, and soon after, Hipolito was injected with ketamine. Id at ¶14. He went into medical distress, was rushed to an emergency room, and died three days later, on August 24, 2021. Id at ¶15. An autopsy report dated August 27, 2021, noted that methamphetamine and ketamine were in his system. Id at ¶16; see Dkt 20 at 14 (as to date).

Singleton filed her original complaint on August 24, 2023, for constitutional violations under 42 USC §1983. Dkt 1. No service on that complaint was ever attempted. On December 1, 2023, she filed both a first and then a second amended complaint. Dkts 4 & 6. She then undertook service of the second amended complaint.

As to party capacity, Singleton alleges that she brings this action "Individually and as the Personal Representative of the Estate of Richard Ajene Hipolito." Dkt 6 at ¶5. Nothing is otherwise stated as to who she is or how she's connected to Hipolito. Nor is there any explanation as to why she allegedly has capacity to bring suit on his behalf.

As to claims, Singleton states that she "brings this wrongful death and survival suit against the Defendants, state actors, for the deprivation of Hipolito's constitutional rights, liberties, and freedom to be free of excessive and unreasonable use of force pursuant to the Fourth and Fourteenth Amendments of [the] Constitution of the United States and other state law claims." Id at ¶1. Although that general opening refers to *other state law*

2

*claims*, none are alleged as a cause of action. Instead, to the extent discernible, the claims asserted are as follows:

- o *Against Harris County and, in their official capacities, Sheriff Ed Gonzalez, Deputy Villarreal, Deputy Russell, and other "unknown Harris County employees,"* Singleton brings a §1983 claim for excessive force and deprivation life, liberty, and property without due process, along with other allegations relating to (i) a policy of injecting ketamine into detainees, (ii) a failure to train and/or supervise in this regard, and (iii) an absence of qualified immunity. Dkt 6 at ¶¶24–36.
- o *Against the City of Highlands, Texas, the City of Highlands Fire Department, and "unknown Highlands fire department EMS personnel,"* she brings a similar claim under §1983, recasting it somewhat to pertain in terms to a different municipality and its personnel. Id at ¶¶37–49; see also id at ¶12.
- o *Against Sheriff Gonzalez, individually,* she brings a claim under §1983 for failure to supervise and train. Id at ¶¶50–55.

Pending are four motions to dismiss. Highlands Volunteer Fire Department (which is misidentified, it says, as City of Highlands Fire Department in the second amended complaint) seeks dismissal on grounds that it's improperly named and untimely served, failure to state a claim, and statute of limitations. Dkt 10. Harris County and Sheriff Gonzalez seek dismissal as to the statute of limitations, lack of subject-matter jurisdiction due to lack of standing, and failure to state a claim. Dkt 12. Deputies Villarreal and Russell raise those same grounds, while also asserting qualified immunity. Dkts 13 & 14.

2. Legal standard

Subject-matter jurisdiction is inherently a threshold matter. *Steel Co v Citizens for a Better Environment*, 523 US 83, 94–95 (1998), citing *Mansfield, Coldwater & Lake Michigan Railway Co v Swan*, 111 US 379, 382

3

(1884). The Fifth Circuit admonishes, "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time." *MCG, Inc v Great Western Energy Corp*, 896 F2d 170, 173 (5th Cir 1990) (citations omitted). Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re Federal Emergency Management Agency Trailer Formaldehyde Products Liability Litigation*, 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association Inc v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998) (internal quotations omitted).

The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that it's proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008). Indeed, a presumption against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

A plaintiff must establish standing because the United States Constitution vests power in the federal courts to adjudicate only "Cases" and "Controversies." Art III, §2. The burden is squarely upon the party asserting a claim in federal court to establish Article III standing by showing that (i) he's suffered an injury in fact, (ii) the injury is fairly traceable to the challenged conduct, and (iii) the injury is likely to be redressed by a favorable decision. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992); *Spokeo Inc v Robins*, 578 US 330, 338 (2016). The plaintiff must clearly allege facts at the pleading stage that demonstrate each criterion. *Spokeo*, 578 US at 338, quoting *Warth v Seldin*, 422 US 490, 518 (1975).

    3.   Analysis

The second amended complaint alleges that Singleton is entitled to recover for the injuries, damages, and death of Hipolito pursuant to the wrongful-death and survival statutes of Texas. Dkt 6 at ¶61.

The Texas wrongful-death statute provides, "A person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." Tex Civ Prac & Rem Code §71.002(b). In relevant part, it also states, "An action to recover damages as provided by this subchapter is for the exclusive benefit of the surviving spouse, children, and parents of the deceased." Id at §71.004. Not surprisingly, then, to bring suit under the Texas wrongful-death statute "a party is required to prove that he or she was the deceased's spouse, child, or parent." *Shepherd v Ledford*, 962 SW2d 28, 31 (Tex 1998), citing Tex Civ Prac & Rem Code §71.004.

The Texas survival statute states, "A personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person." Tex Civ Prac & Rem Code §71.021(b). The implications as to standing are thus clear. "A deceased's estate has standing to bring a survival action, not individuals; but limited classes of persons are statutorily granted capacity to bring the survival action on behalf of the estate." *Turk v Mangum*, 268 F Supp 3d 928, 934 (SD Tex 2017), citing *Austin Nursing Center, Inc v Lovato*, 171 SW3d 845, 849–51 (Tex 2005). "Generally, only personal representatives of the estate are entitled to bring a personal injury action." *Austin Nursing Center, Inc*, 171 SW3d at 848–50.

The only allegation in the second amended complaint with any specific information about Singleton is this: "Plaintiff, STACY SINGLETON, Individually and as the Personal Representative of the ESTATE of RICHARD AJENE HIPOLITO, is an individual who is a resident of Harris County, Texas." Dkt 6 at ¶5. Nothing is alleged to indicate that she's the *spouse*, *child*, or *parent* of Hipolito under the Texas wrongful-death statute. Nor does anything explain why she's included within the ambit of *heirs*, *legal representatives*, or *estate* of Hipolito under the Texas survival statute.

5

The second amended complaint thus fails to allege facts sufficient to show that Singleton has standing to pursue this action under the wrongful-death and survival statutes of Texas. The motions will thus be granted on that basis.

The other arguments for dismissal include statute of limitations, failure to state a claim, and (where appropriate) qualified immunity. These assertions are substantial. But with subject-matter jurisdiction found to be lacking, they aren't properly addressed.

### 4. Potential for repleading

A district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). The Fifth Circuit holds that this evinces a bias in favor of granting leave to amend. See *Dussouy v Gulf Coast Investment Corp*, 660 F2d 594, 597(5th Cir 1981); *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006). But whether to grant such leave is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012), quoting *Wimm v Jack Eckerd Corp*, 3 F3d 137, 139 (5th Cir 1993). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

Singleton submitted a sparse declaration with two of her responses. See Dkts 20-1 at 2–3 & 22-1 at 2–3. She states without explanation that (i) she's Hipolito's mother and "an heir" to his estate, (ii) he died intestate, and (iii) no administration of his estate is pending, and "none is necessary." Absent is even a listing of Hipolito's date of birth, much less any information about his circumstances or upbringing, any details about his father or siblings or other family relations, or any other facts to support assertion that she's his mother. Neither is there any information about the status of Hipolito's estate or any administrator, including whether anything in that regard has been resolved or if any debts remain pending.

On its own, this is insufficient to establish capacity under the Texas wrongful-death statute. As noted above, such statute of its own terms "is for the exclusive benefit of the surviving spouse, children, and parents of the deceased." Tex Civ Prac & Rem Code §71.004(a). They may bring action either together "or one or more of those individuals may bring the action for the benefit of all." Id at §71.004(b). And if none of them "have begun the action within three calendar months after the death of the injured individual," the statute requires that the "executor or administrator shall bring and prosecute the action unless requested not to by all those individuals." Id at §71.004(c). The declaration is thus notably lacking. Nothing specifies anything about any spouse, children, or other parent. And it's plain that this action was neither brought within three months by a spouse, child, or parent, nor otherwise thereafter by Hipolito's executor or administrator.

This overlaps with similar insufficiency under the Texas survival statute. As noted above, such statute states that action "survives to and in favor of the heirs, legal representatives, and estate of the injured person." Id at §71.021(b); see also *Austin Nursing Center, Inc*, 171 SW3d at 850–51 (noting requirements for individual to obtain capacity to sue on behalf of estate). Singleton concedes that she hasn't been appointed as Hipolito's legal representative or administrator of his estate. Dkt 22 at 17. She instead contends that she brings suit as "an heir," which implicitly concedes that other heirs may exist. Dkts 20-1 at 3 & 22-1 at 3. As such, this fails to show either that Singleton is the sole heir or that the heirs have entered into a family settlement agreement. See *Shepherd*, 962 SW2d at 32–33; see *Rodgers v Lancaster Police & Fire Department*, 819 F3d 205, 213 (5th Cir 2016) (dismissing purported plaintiff's claim upon finding that "it remains uncertain whether she is the estate's sole heir," in turn making it "unclear whether administration is necessary and, thus, whether she has capacity to maintain a survival action as a legal heir"). And further, under Texas law, an heir only has capacity to bring survival claims "if she can plead and

7

prove that there is no administration pending and that none is necessary." *Pickens v City of Austin*, 2005 WL 8157348, \*9 (WD Tex); see also *Jackson v City of Houston*, 2023 WL 7093031, \*4 (SD Tex), quoting *Garcia v Caremark, Inc*, 921 SW2d 417, 421 (Tex App 1996). That in turn requires pleading and proof that the estate's disposition is resolved, with all debts paid. See *Rodgers*, 819 F3d at 212, citing *Shepherd*, 962 SW2d at 33.

These defects were plainly specified in the motions to dismiss, along with further argument that the second amended complaint purports to press aspects of claims that aren't even allowed under the wrongful-death and survival statutes. See Dkts 12 at 16–19, 13 at 15–18 & 14 at 15–18. Given that Singleton failed to muster proof towards any cure as to capacity, it seems unlikely that any such pleading or proof will be forthcoming. Even so, it's appropriate to allow the opportunity.

Singleton may further amend her complaint to establish her standing to pursue claims in this action, if desired. On any such attempt, her counsel is admonished to observe the dictates of Rule 11 of the Federal Rules of Civil Procedure and thoroughly investigate facts that can be pleaded in good faith. In this regard, Singleton must plead—and, upon challenge, submit proof—of her capacity under the Texas wrongful-death and survival statutes, including (but not limited to) proof of (i) parentage, including details as to date of birth and other indications of parentage, (ii) identity of Hipolito's father and any spouse or siblings, (iii) status and details of Hipolito's estate or administration, including whether all debts are paid, and (iv) the identity and interest of any and all potential heirs to Hipolito's estate.

If repleading is made, Defendants are advised that motion practice under Rule 12 will, in the first instance, be limited to subject-matter jurisdiction. And in that regard, they will be granted leave upon request to undertake discovery. If necessary after ruling, they will be afforded later opportunity to renew the other challenges left unaddressed from their current motions to dismiss.

5. Conclusion

The motions to dismiss brought by the various Defendants are GRANTED with respect to lack of subject-matter jurisdiction. Dkts 10, 12, 13 & 14.

The second amended complaint by Plaintiff Stacy Singleton is DISMISSED WITHOUT PREJUDICE. Dkt 6.

It is ORDERED that Singleton may file a further amended complaint to address the noted defects, if desired and in mind of admonishment to proceed in compliance with Rule 11 of the Federal Rules of Civil Procedure. Any such amended pleading must be filed on or before October 21, 2024.

SO ORDERED.

Signed on September 30, 2024, at Houston, Texas.

*CREskridge*
Hon. Charles Eskridge
United States District Judge